1  William E. von Behren, State Bar No. 106642
   bvonbehren@vbhlaw.com
2  Joann V. Lee, State Bar No. 251653
   jlee@vbhlaw.com
3  VON BEHREN & HUNTER LLP
   2041 Rosecrans Avenue, Suite 367
4  El Segundo, CA 90245
   Telephone: (310) 607-9111
5  Facsimile: (310) 615-3006

6  Attorneys for Defendant
   PREMERA BLUE CROSS
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  STANFORD HOSPITAL AND CLINICS, a     Case No.
    California not for-profit corporation,
12                                        **NOTICE OF REMOVAL OF ACTION
                 Plaintiff,               TO UNITED STATES DISTRICT
13       vs.                              COURT**

14  PREMERA BLUE CROSS, a Washington
    for-profit corporation; and DOES 1
15  THROUGH 10, INCLUSIVE,

16               Defendants.

17

18      TO THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF

19  CALIFORNIA, AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

20      PLEASE TAKE NOTICE that Defendant Premera Blue Cross ("Premera"),

21  contemporaneously with the filing of this Notice, is effecting the removal of the above

22  referenced civil action, Case No. 115CV277404, from the Superior Court of the State of

23  California, for the County of Santa Clara, to the United States District Court, for the

24  Northern District of California, based upon diversity jurisdiction pursuant to 28 U.S.C. §§

25  1332, 1441(b) and 1446, in that the suit has been brought between citizens of different

26  states and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and

27  interest. The suit is one of a civil nature over which the United States District Court has

28  original jurisdiction.

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

The removal is based on the following grounds:

## I.    TIMELINESS

1.    On or about February 27, 2015, plaintiff Stanford Hospital and Clinics (hereinafter "Plaintiff") commenced this action by filing a Complaint in the Superior Court of the State of California for the County of Los Angeles, entitled, STANFORD HOSPITAL AND CLINICS, a California not-for-profit corporation, v. PREMERA BLUE CROSS, a Washington for-profit corporation; and DOES 1 through 10, inclusive, designated Case No. 115CV277404 ("State Court Action").

2.    Premera first received a copy of the Summons and Complaint on March 25, 2015. No prior pleading has been served on Premera. A true and correct copy of the Summons, Complaint and all other process, pleadings, and orders obtained by Premera are attached hereto and incorporated herein as Exhibit "A". Premera has received no other process, pleadings or orders.

3.    The Removal is therefore timely under 28 U.S.C. § 1446(b) in that Premera has filed this Notice of Removal of Action within one (1) year of commencement of this action and within thirty (30) days of having first been served with the Summons and Complaint.

## II.    JOINDER

4.    There are no other named defendants in this case, therefore, joinder by other defendants is not necessary.

## III.    VENUE

5.    Venue in this Court is proper pursuant to 28 U.S.C. § 1441, which provides for removal to the district court for the district and division embracing the place where the action is pending. The State Court Action was originally filed in the County of Santa Clara, which is within the Northern District of California.

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

**IV.    JURISDICTION**

6.    This action has been removed to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), 1441 and 1446 in that the suit has been brought between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, as set forth more fully below.  The suit is one of a civil nature over which the United States District Court has original jurisdiction.

**A.    Citizenship of Defendant.**

7.    Defendant Premera, at all relevant times, was and is a non-profit corporation, incorporated in, and organized and existing under the laws of the state of Washington, with its principal place of business in Washington.

**B.    Citizenship of Plaintiff.**

8.    Premera is informed and believes that defendant Stanford Hospital and Clinics, at all relevant times, was, at the time of commencement of this action, and is now, a corporation, incorporated in, and organized and existing under the laws of the State of California, with its principal place of business in Santa Clara, California. (Complaint, ¶ 1).

**C.    Amount in Controversy.**

9.    Plaintiff seeks recovery of charges for medical services rendered by Stanford Hospital and Clinics to enrollees of a Premera Blue Cross health plan.

10.    Plaintiff is seeking recovery of damages totaling $124,632.66, interest (Complaint, ¶¶ 26, 32, 39; and page 9, Prayer For Relief.)

11.    In light of the foregoing, the amount in controversy in this case, exclusive of interest and costs, clearly exceeds the jurisdictional requirement of this Court.

**V.    PROCESS**

12.    On April 22, 2015, a copy of this Notice was filed with the Clerk of the Superior Court of the State of California, for the County of Santa Clara.

WHEREFORE, Premera prays that the above action pending in the Superior Court for the County of Santa Clara be removed from that Court to this Court.

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

1

2  Dated:  April 22, 2015                    VON BEHREN & HUNTER LLP
                                             William E. von Behren
3                                            Joann Lee

4

5                                            By:  /s/ William E. von Behren
6                                                 William E. von Behren
                                                  Attorneys for Defendant
7                                                 PREMERA BLUE CROSS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** PREMERA BLUE CROSS, a Washington
**(AVISO AL DEMANDADO):** for-profit corporation; and DOES
1 THROUGH 10, INCLUSIVE

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED**

2015 FEB 27 P 12: 24

Clerk of the Superior Court
County of Santa Clara, California
By _____ Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** STANFORD HOSPITAL AND
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** CLINICS, a
California not for-profit corporation

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es:)<br>SANTA CLARA COUNTY SUPERIOR COURT<br>191 N. FIRST STREET<br>SAN JOSE, CA 95113<br>DOWNTOWN SUPERIOR COURT | CASE NUMBER:<br>(Número del Caso)<br>1 1 5 C V 2 7 7 4 0 4 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
818-559-4477
SHADI SHAYAN (SBN 265467)
LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN
303 N. GLENOAKS BLVD., SUITE 700
BURBANK, CA 91502

DATE: **FEB 27 2015**          Clerk, by _____ Stanford , Deputy
(Fecha)                        (Secretario)                      (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [X] on behalf of (specify): PREMERA BLUE CROSS, A WASHINGTON FOR-PROFIT CORPORATION; AND DOES 1 THROUGH 10, INCLUSIVE

   under: [X] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other (specify):
4. [X] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus

1  STEPHENSON, ACQUISTO & COLMAN
2  MELANIE JOY YOUNG (STEPHENSON), ESQ.
                              (SBN 113755)
3  BARRY SULLIVAN, ESQ.    (SBN 136571)
4  RICHARD A. LOVICH, ESQ. (SBN 113472)
   SHADI SHADYAN ESQ.      (SBN 265467)
5  303 N. Glenoaks Blvd., Suite 700
6  Burbank, CA 91502

7  Telephone:  (818) 559-4477
   Facsimile:  (818) 559-5484
8

9  Attorneys for Plaintiff
   STANFORD HOSPITAL AND CLINICS, a
10 California not for-profit corporation

**ENDORSED**

2015 FEB 27  P 12: 24

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By_____
                    Deputy Clerk

11              SUPERIOR COURT OF CALIFORNIA
12            FOR THE COUNTY OF SANTA CLARA
13                UNLIMITED JURISDICTION
14

| | |
|---|---|
| 15  STANFORD HOSPITAL AND | Case No.: **1 1 5 C V 2 7 7 4 0 4** |
| 16  CLINICS, a California not for-profit corporation, | |
| 17 | COMPLAINT FOR DAMAGES FOR: |
| 18            Plaintiff, | 1.    BREACH OF WRITTEN CONTRACT; |
| 19       vs. | |
| 20  PREMERA BLUE CROSS, a | 2.    BREACH OF IMPLIED-IN-FACT CONTRACT. |
| 21  Washington for-profit corporation; and DOES 1 THROUGH 10, INCLUSIVE, | |
| 22 | |
| 23            Defendants | |
| 24 | |
| 25 | |
| 26 | |
| 27  //// | |
| 28 | |

By Fax

complaint premera.doc                    - 1 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                                                WRITTEN CONTRACT; 2. BREACH OF IMPLIED-
                                                IN-FACT CONTRACT.

## PARTIES

1.     Plaintiff Stanford Hospital & Clinics ("Stanford Hospital") is a non-profit public benefit corporation organized and existing pursuant to the laws of the State of California. Stanford Hospital has its principal place of business in the community of Stanford, County of Santa Clara, State of California. Stanford Hospital provides medical care to patients.

2.     Defendant Premera Blue Cross ("Premera") is a for-profit corporation organized and existing pursuant to the laws of the State of Washington. Premera has its principal place of business in the city of Mountlake Terrace, County of Snohomish, State of Washington.

3.     Stanford Hospital is unaware of the true names and capacities, whether corporate, associate, individual, partnership or otherwise of defendants Does 1 through 10, inclusive, and therefore sues such defendants by such fictitious names. Stanford Hospital will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

4.     Premera and Does 1 through 10, inclusive, shall be collectively referred to as Premera.

5.     Defendants, and each of them, at all relevant times, have transacted business in the State of California. The violations alleged within this complaint have been and are being carried out in the State of California.

6.     At all relevant times each of the defendants, including the defendants named "Doe," was and is the agent, employee, employer, joint venturer,

complaint premera.doc                           - 2 -     COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                                                          WRITTEN CONTRACT; 2. BREACH OF IMPLIED-
                                                          IN-FACT CONTRACT.

1    representative, alter ego, subsidiary, and/or partner of one or more of the other

2    defendants, and was, in performing the acts complained of herein, acting within the

3    scope of such agency, employment, joint venture, or partnership authority, and/or

4    is in some other way responsible for the acts of one or more of the other

5    defendants.

6

## COMMON FACTUAL BACKGROUND

8

9        7.    At all relevant times, Blue Cross of California dba Anthem

10   Blue Cross ("Anthem") had entered into various written contracts with hospitals

11   and physicians (collectively, the "Anthem Contract"). According to the Anthem

12   Contract, hospitals and/or physicians agreed to render medically necessary care to

13   individual enrollees of health plans, which health plans were registered with

14   Anthem as "Payor" signatories to the Anthem Contract. In exchange, each such

15   Payor agreed to pay such hospitals and/or physicians for the medically necessary

16   care rendered to the individual enrollees of that Payor's health plan.

17

18       8.    At all relevant times, Premera had registered with Anthem as a

19   Payor signatory to the Anthem Contract and hence agreed to pay hospitals and/or

20   physicians for the medically necessary care rendered to the individual enrollees of

21   Premera's health plan pursuant to the terms of the Anthem Contract.

22

23       9.    At all relevant times, Stanford Hospital had entered into the

24   Anthem Contract as a provider of medically necessary care for the benefit of all

25   individual enrollees of health plans who were registered as Payor signatories under

26   that contract. Thus, under the Anthem Contract, Stanford Hospital agreed to

27   render medically necessary care to the individual enrollees of Premera's health

28   plan; in exchange, Premera agreed to pay Stanford Hospital the negotiated rates

1   pursuant to the terms of the Anthem Contract for that care. In general, the

2   negotiated rates under the Anthem Contract provided for medically necessary care

3   to be paid at a discount off of Stanford Hospital's total billed charges.

4

5          10.    Under the Anthem Contract, Stanford Hospital agreed to submit

6   bills to Premera and/or Premera's agent reflecting Stanford Hospital's total billed

7   charges associated with rendering medically necessary care to the individual

8   enrollees of Premera's health plan. In exchange, Premera agreed to process and

9   pay such claims according to the Anthem Contract (*i.e.*, Stanford Hospital's total

10   billed charges less a specified discount).

11

12                         PATIENT NO. SRU600037809

13

14          11.    At all relevant times, a patient whose date of birth was January

15   30, 1965 ("Patient No. SRU600037809") was an individual enrollee of Premera's

16   health plan.

17

18          12.    On or about February 8, 2012, Stanford Hospital notified

19   Premera that Patient No. SRU600037809 was to be treated at Stanford Hospital

20   and received notification No.120018901.

21

22          13.    Stanford Hospital admitted Patient No. SRU600037809 on

23   February 23, 2012 and discharged that patient on February 28, 2012. During that

24   stay, Stanford Hospital rendered medically necessary care to Patient No.

25   SRU600037809.

26

27          14.    Stanford Hospital's total billed charges for rendering the

28   medically necessary care to Patient No. SRU600037809 from February 23, 2012

1   through February 28, 2012 amounted to $277,359.38. Thus, according to the

2   Anthem Contract, Premera owed Stanford Hospital a balance of $107,690.34, after

3   application of the Anthem discount ("Contractual Amount Due").

4

5        15.     Stanford Hospital submitted the final bill regarding Patient No.

6   SRU600037809 for payment by Premera, which bill reflected Stanford Hospital's

7   total billed charges of $107,690.34.

8

9        16.     However, Premera failed to pay Stanford Hospital for the

10  Contractual Amount Due for the medically necessary care rendered to Patient No.

11  SRU600037809 pursuant to the Anthem Contract's rates, despite demands thereof.

12

13  <u>PATIENT NO. WAH60096408</u>

14

15       17.     At all relevant times, a patient whose date of birth was January

16  18, 1975 ("Patient No. WAH600964082") was an individual enrollee of Premera's

17  health plan.

18

19       18.     On or about March 5, 2012, an employee of Premera, or an

20  agent of Premera, verified that Patient No. WAH60096408 was an enrollee of

21  Premera's health plan.

22

23       19.     Stanford Hospital rendered medically necessary care to Patient

24  No. WAH60096408 on March 6, 2012 and discharged Patient WAH60096408 the

25  same day.

26

27       20.     Stanford Hospital's total billed charges for rendering the

28  medically necessary care to Patient No. WAH60096408 on March 6, 2012 .

1  amounted to $16,942.32.   Thus, according to the Anthem Contract, Premera owed

2  Stanford Hospital a balance of $9,846, after application of the Anthem discount.

3

4      21.    Stanford Hospital submitted the final bill regarding Patient No.

5  WAH60096408 for payment by Premera, which bill reflected Stanford Hospital's

6  total billed charges of $16,942.32.

7

8      22.    However, Premera failed to pay Stanford Hospital for the

9  Contractual Amount Due for the medically necessary care rendered to Patient No.

10  WAH60096408 pursuant to the Anthem Contract's rates, despite demands thereof.

11

12      23.    At or about the time Patient No. SRU600037809 and Patient

13  No. WAH60096408 (collectively, "Patients") received medical care from Stanford

14  Hospital, the Patients (or, on the Patient's behalf, a responsible family member or

15  other representative) signed a written standard admission contract.  That standard

16  contract contains a clause in which each Patient (or, on the Patient's behalf, a

17  responsible family member or other representative) made an express promise to

18  Stanford Hospital to pay Stanford Hospital's rates for such care.

19

20      24.    Though the written standard admission contract also contains

21  an "Assignment of Insurance Benefits" clause, in this action Stanford Hospital has

22  chosen *not* to pursue any rights conferred upon it by that "Assignment of Insurance

23  Benefits" clause and thus does not stand here "in the shoes" of the Patient.  Rather,

24  by this action Stanford Hospital pursues only such rights as have been conferred

25  upon it by the express promises to pay Stanford Hospital's rates as made by

26  Patients or their representatives.

27

28      25.    Stanford Hospital has now exhausted all available

complaint premera.doc                          - 6 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                                                        WRITTEN CONTRACT; 2. BREACH OF IMPLIED-
                                                        IN-FACT CONTRACT.

1    administrative remedies to appeal Premera's refusal to pay the Contract Amount

2    Due for the medically necessary care rendered to Patient No. SRU600037809 and

3    Patient No. WAH60096408.

4

5        26.    As a direct and proximate result of Premera's misconduct,

6    Stanford Hospital has suffered damages in the sum of money to be proven at trial,

7    but which exceed $124,632.66.

8

9                          FIRST CAUSE OF ACTION

10                         (Breach of Written Contract)

11

12        27.    Stanford Hospital incorporates by reference and re-alleges

13    paragraphs 1 through 26 here as though set forth in full.

14

15        28.    As stated above, under the written Anthem Contract, Stanford

16    Hospital agreed to render medically necessary care to the individual enrollees of

17    Premera's health plan; in exchange for which Premera agreed to pay Stanford

18    Hospital pursuant to the negotiated rates under the Anthem Contract.

19

20        29.    Stanford Hospital performed all conditions, covenants, and

21    promises required on its part to be performed in accordance with the terms and

22    conditions of the Anthem Contract.

23

24        30.    Stanford Hospital demanded Premera to perform its obligations

25    to pay Stanford Hospital the Contract Amount Due for the medically necessary

26    care rendered to Patient No. SRU600037809 and Patient No. WAH60096408.

27

28        31.    Premera breached the Anthem Contract by failing to pay

---

complaint premera.doc                    - 7 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                                                   WRITTEN CONTRACT; 2. BREACH OF IMPLIED-
                                                   IN-FACT CONTRACT.

1 | Stanford Hospital the Contract Amounts Due.

2

3 |      32.    As a direct and proximate result of Premera's misconduct,

4 | Stanford Hospital has suffered damages in the sum of money to be proven at trial,

5 | but which exceed $124,632.66.

6

7 | <center>SECOND CAUSE OF ACTION</center>

8 | <center>(Breach of Implied-In-Fact Contract)</center>

9

10 |      33.    Stanford Hospital incorporates by reference and re-alleges

11 | paragraphs 1 through 32 here as though set forth in full.

12

13 |      34.    At all relevant times, Stanford Hospital was a provider member

14 | of the Anthem Network and as such agreed to render medically necessary care to

15 | individual enrollees of health plans, which health plans were or would be

16 | registered with Anthem as "Payer[s]."

17

18 |      35.    At all relevant times, Premera was a "Payer" member of the

19 | Anthem Network and as such agreed to pay Anthem provider members, such as

20 | Stanford Hospital, the negotiated rates pursuant to the terms of the Anthem

21 | Contract for the medical services rendered to its beneficiaries.

22

23 |      36.    Stanford Hospital and Premera, through their respective

24 | conduct of joining and participating in the Anthem network, evidenced assent to

25 | enter into an agreement concerning the provision of medical services and the

26 | payment for the provision of said services.

27

28 |      37.    Stanford Hospital in providing authorized medical treatment to

1  Patient No. SRU600037809 and Patient No. WAH60096408, Premera

2  beneficiaries, has fully satisfied all of its obligations to Premera.

3

4         38.    Premera, on the other hand, has not satisfied its respective

5  obligations to Stanford Hospital by failing to reimburse Stanford Hospital for the

6  services rendered to Patient No. SRU600037809 and Patient No. WAH60096408.

7

8         39.    As a direct and proximate result of Premera's misconduct,

9  Stanford Hospital has suffered damages in the sum of money to be proven at trial,

10 but which exceed $124,632.66.

11

12                   **PRAYER FOR RELIEF**

13

14 WHEREFORE, Stanford Hospital prays for judgment as follows:

15

16 For the First and Second Cause of Action:

17

18        1.    for the principal sum of $124,632.66.

19

20 ////

21 ////

22 ////

23 ////

24 ////

25 ////

26 ////

27 ////

28 ////

complaint.premera.doc                  - 9 -     COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                                                      WRITTEN CONTRACT; 2. BREACH OF IMPLIED-
                                                        IN-FACT CONTRACT.

1        2.     for interest on such principal sum at the rate of fifteen percent

2  (15%) per annum, pursuant to Cal. Health & Safety Code § 1371;

3

4  Dated: February 26, 2015

5

6                      STEPHENSON, ACQUISTO & COLMAN

7

8                            SHADI SHAYAN

9                           Attorneys for
STANFORD HOSPITALS AND CLINICS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

complaint premera.doc                - 10 -   COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
WRITTEN CONTRACT; 2. BREACH OF IMPLIED-
IN-FACT CONTRACT.

**ATTACHMENT CV-5012**

## CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: _____ 1 1 5 C V 2 7 7 4 0 4

> ## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a written response to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courts.ca.gov/forms.htm and www.courts.ca.gov/rules.htm
- Local Rules and Forms: www.scscourt.org

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* Honorable William Elfving _____ *Department:* 3 _____

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)

   *Date:* ___ JUN 2 3 2015 ___  *Time:* 2:15 p.m. in *Department:* 3 _____

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)

   *Date:* _____  *Time:* _____ in *Department:* _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scscourt.org or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*
ADR can have a number of advantages over litigation:

- ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*
Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

~over~

Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

Contact:
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
SHADI SHAYAN (SBN 265467)
LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN
303 N. GLENOAKS BLVD., SUITE 700
BURBANK, CA 91502

TELEPHONE NO.: 818-559-4477 FAX NO.: 818-559-4477
ATTORNEY FOR *(Name):* STANFORD HOSPITAL AND CLINICS

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 N. FIRST STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN JOSE, CA 95113
BRANCH NAME: DOWNTOWN SUPERIOR COURT

CASE NAME: STANFORD HOSPITAL & CLINICS V. PREMERA BLUE CROSS

*FOR COURT USE ONLY*

ENDORSED

2015 FEB 27 P 12: 2

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
BY:

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 1 1 5 C V 2 7 7 4 0 4 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | Limited (Amount demanded is $25,000 or less) | Counter | Joinder | JUDGE: |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- Auto (22)
- Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
- Product liability (24)
- Medical malpractice (45)
- Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- Business tort/unfair business practice (07)
- Civil rights (08)
- Defamation (13)
- Fraud (16)
- Intellectual property (19)
- Professional negligence (25)
- Other non-PI/PD/WD tort (35)

**Employment**
- Wrongful termination (36)
- Other employment (15)

**Contract**
- [X] Breach of contract/warranty (06)
- Rule 3.740 collections (09)
- Other collections (09)
- Insurance coverage (18)
- Other contract (37)

**Real Property**
- Eminent domain/inverse condemnation (14)
- Wrongful eviction (33)
- Other real property (26)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38)

**Judicial Review**
- Asset forfeiture (05)
- Petition re: arbitration award (11)
- Writ of mandate (02)
- Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade regulation (03)
- Construction defect (10)
- Mass tort (40)
- Securities litigation (28)
- Environmental/Toxic tort (30)
- Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- RICO (27)
- Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- Partnership and corporate governance (21)
- Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: FEBRUARY 24, 2015

SHADI SHAYAN (SBN 265467)
*(TYPE OR PRINT NAME)* _____ *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
 Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment (non-domestic relations)
 Sister State Judgment
 Administrative Agency Award (not unpaid taxes)
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
 Declaratory Relief Only
 Injunctive Relief Only (non-harassment)
 Mechanics Lien
 Other Commercial Complaint Case (non-tort/non-complex)
 Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

CM-010 [Rev. July 1, 2007]      CIVIL CASE COVER SHEET      Page 2 of 2